UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RANDALL SCOTTI,

                    Plaintiff,                    CASE NUMBER: 09-11953

                                            HONORABLE VICTORIA A. ROBERTS

v.

JUDGE MARY ELLEN BRENNAN of the
OAKLAND COUNTY CIRCUIT COURT,
REFEREE LIBBY BLANCHARD of the,
OAKLAND COUNTY FRIEND OF THE
COURT and JAY SCOTTI,

                    Defendant(s).
_____

**ORDER DENYING PLAINTIFF *IN FORMA PAUPERIS* STATUS**
**AND DISMISSING CASE PURSUANT TO 28 U.S.C. §1915(e)(2)**

## I.    BACKGROUND

*Pro se* Plaintiff Randall Scotti removed this divorce action from the Oakland

County Circuit Court, where it is assigned Case Number 04-695786-DM.  He challenges

the final divorce judgment, specifically the award of spousal and child support, and

various post-judgment orders.  Plaintiff says the state court ignored his actual income

and economic circumstances, and imputed income to him in order to establish an

inflated child and spousal support order.  He says his numerous requests for

modification of support were met with denials, incarceration and separation from his

children.  Plaintiff alleges he was discriminated against on account of his race, gender

and status as a White, male, middle-class wage earner.

Plaintiff raises various federal discrimination claims against Mary Ellen Brennan, Oakland County Circuit Court Judge; Libby Blanchard, Oakland County Friend of the Court Referee; and Joy Scotti, his ex-wife. He says the state courts engage in a practice of discriminating against Whites, White males, and White male middle and upper class wage earners, so that the county can increase its receipt of Title IV-D Federal Block Grant funds. His Complaint includes allegations of evidence tampering, wrongful incarceration, denial of right to counsel, and destruction, fabrication and/or suppression of official court records.

Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. Plaintiff asserts that he is unemployed and has an alleged support arrearage of $108,000, which is garnished at the rate of 65% of his wages. He also owes a debt to his ex-wife's attorney, in excess of $100,000, which is also subject to garnishment. Plaintiff asks the Court to allow him to proceed without pre-payment of fees.

## II.   ANALYSIS

28 U.S.C. §1915(a)(1) allows indigents to receive a waiver of filing fees:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

The *in forma pauperis* ("IFP") statute was enacted "to ensure that indigent litigants have meaningful access to the federal courts." *Wilson v Yaklich,* 148 F.3d 596,

2

600 (6th Cir. 1998), *cert. den.,* 525 U.S. 1139 (1999)(quoting *Nietze v Williams,* 490

U.S. 319, 324 (1989)).   While, *pro se* pleadings are liberally construed, *Boag v.*

*MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982), to curtail

abuse of waivers granted under the statute, Congress also empowered courts to *sua*

*sponte* dismiss IFP complaints that are frivolous or malicious, or that fail to state a claim

on which relief may be granted.  28 U.S.C. §1915(e)(B)(i) and (ii).  An IFP complaint "is

frivolous where it lacks an arguable basis either in law or in fact." *Nietzke*, 490 U.S. at

325.

### A.  Indigency

Plaintiff's application to proceed without prepayment of fees indicates that he and

his current spouse have a monthly gross household income of $4,661.00; Plaintiff is

laid-off and receives unemployment compensation, and his wife is employed full-time.

Plaintiff lists monthly expenses of $4,529.00, which includes health insurance and

support obligations for his ex-wife and four minor children.  His only listed asset is a

1994 vehicle valued at $1,000.  In sum, Plaintiff's application indicates that he and his

wife combined enjoy a monthly wage that slightly exceeds their monthly expenses.

Plaintiff has not shown that he is indigent.

### B.  Rooker-Feldman Doctrine

As a threshold matter, United States District Courts do not have jurisdiction over

challenges to state court decisions even if those challenges allege that the state court's

action was unconstitutional. See *District of Columbia Court of Appeals v. Feldman*, 460

U.S. 462, 483 n. 16, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust*

*Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).  Federal appellate

3

review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.*  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party who loses his case in state court is barred from seeking appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994).  Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, 1999 U.S. App. LEXIS 24340, No. 98-1142, 1999 WL 801562 *2 (6th Cir. Sept. 28, 1999).

Plaintiff challenges the divorce judgment and post-judgment proceedings alleging the state courts ignored the law and refused to vindicate his rights.  However, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case, as opposed to a general constitutional challenge to the state law applied in the state action. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); see also *Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002).  Plaintiff fails to state a claim upon which relief can be granted.

### C.  Res Judicata

Moreover, to the extent plaintiff seeks to re-litigate matters previously decided by the state court, relief cannot be granted.  A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green* Oak Township, 312 F.3d 736, 744 (6th Cir. 2002).

The Court **DENIES** Plaintiff *in forma pauperis* status, and **DISMISSES** his

4

complaint, without prejudice, pursuant to 28 U.S.C.§1915(e)(2)(B)(ii), for failure to state a claim.  Plaintiff may file a new Complaint, in an original proceeding, consistent with this Order.

      **IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 16, 2009

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Randall Scotti by electronic means or U.S. Mail on June 16, 2009.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |